# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHLEEN VARRECCHIO | CIVIL ACTION |
| VERSUS | NO: 18-8915 |
| FRIENDS ALLIANCE HOUSING II, INC. ET AL. | SECTION "H" |

## ORDER AND REASONS

Before the Court is a Motion for Preliminary Injunction (Doc. 3). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Kathleen Varrecchio is an elderly woman who suffers from mental illness and alcoholism. She has lived at Defendant Friends Alliance Housing II, Inc.'s housing facility, the Friendship House, for the past 11 years. The Friendship House is a 15-unit apartment complex that provides housing for mentally ill individuals. After a series of incidents in which Plaintiff stole items of minor value from other residents at the Friendship House, she received a notice that she would be evicted. She appealed this decision to the board of the Friendship House, and the board approved the eviction. Plaintiff then sought relief in this Court, bringing claims for violation of the Fair Housing Act. On September 27, 2018, the Court entered a temporary

restraining order at Plaintiff's request, postponing the pending eviction. A hearing was held on November 29, 2018 on Plaintiff's request for a preliminary injunction preventing her eviction.

## **LEGAL STANDARD**

An applicant for preliminary injunctive relief must show: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted; (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) granting the preliminary injunction will not disserve the public interest.[1] A preliminary injunction is an extraordinary remedy.[2] Accordingly, a preliminary injunction which should only be granted the party seeking it has clearly carried the burden of persuasion on all four requirements.[3] In the end, a preliminary injunction is treated as an exception rather than the rule.[4]

## **LAW AND ANALYSIS**

Plaintiff's request for a preliminary injunction fails because she cannot satisfy the first prong, that is, she cannot show a substantial likelihood of success on the merits. Plaintiff's Complaint sets forth three causes of action: (1) a failure to provide a reasonable accommodation for Plaintiff's disability in violation of the Fair Housing Act ("FHA"), (2) discrimination in making a dwelling available under the FHA, and (3) interference with her exercise or enjoyment of rights under the FHA.

---

[1] Lake Charles Diesel, Inc. v. Gen. Motors Corp., 328 F .3d 192, 195–96 (5th Cir.2003).
[2] Miss. Power & Light Co. v. United Gas Pipe Line, Co., 760 F.2d 618, 621 (5th Cir. 1985).
[3] *Id.*
[4] St. of Tex. v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975).

## A. Failure to Accommodate

Discrimination under the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."[5] Plaintiff alleges that Defendant failed to reasonably accommodate her mental illness and alcoholism when it evicted her from the Friendship House. She alleges that Defendant should have accommodated her disability by offering a lesser penalty, such as requiring more family involvement and participation in her life and treatment and allowing her to remain a tenant.

To succeed on a claim under this provision, a plaintiff must show that the requested accommodation is both reasonable and necessary.[6] "An accommodation is 'reasonable' under the FHAA unless it imposes an undue financial and administrative burden on the defendant or requires a fundamental alteration in the nature of the program at issue."[7] Here, Plaintiff's requested accommodation was not reasonable. It would require Defendant to continue to ignore Plaintiff's bad behavior, even when such was disrupting to the lives of the other tenants in the building. Indeed, Plaintiff was given an accommodation less than eviction after each of the three prior incidents.

After the initial incident in 2011, in which Plaintiff was seen on camera taking a set of keys belonging to another tenant, Defendant required Plaintiff to pay for replacement keys and see a doctor to discuss her inability to remember the event. After the second incident in 2011, in which Plaintiff was

---

[5] 42 U.S.C.A. § 3604(f)(3)(B).
[6] Chavez v. Aber, 122 F. Supp. 3d 581, 595 (W.D. Tex. 2015).
[7] United States v. City of Jackson, Mississippi, 318 F. Supp. 2d 395, 412 (S.D. Miss. 2002).

caught on camera leaving a rude note under another tenant's door, Defendant counseled Plaintiff to seek medical treatment and advised her that another incident may result in eviction. After the third incident in 2016, in which she was seen on camera taking money that had been partially slipped under another tenant's door, Defendant advised Plaintiff that another incident would result in eviction. Finally in June 2018, Plaintiff was seen on video surveillance stealing another tenant's mail, and Defendant followed through on its threats to evict her. It would be a fundamental alteration of the rules of the Friendship House to continue to allow Plaintiff to remain a tenant despite her disruptive behavior, even if that behavior was caused by a disability. Indeed, there was testimony at the hearing that another tenant was evicted for carrying a knife around the apartment complex even when that behavior was caused by his paranoia. The Friendship House has a responsibility to protect the right of peaceful enjoyment of the premises for each of its tenants. An accommodation otherwise is not reasonable.

Further, Plaintiff did not show that the requested accommodation was necessary. "In order for a requested accommodation to be necessary, the plaintiff must show 'a direct linkage between the proposed accommodation and the equal opportunity to be provided to the handicapped person.' If the requested accommodation 'provides no direct amelioration of a disability's effect,' it is not necessary."[8] Here, Plaintiff's requested accommodation—increased family involvement—would not ameliorate Plaintiff's behavior. Unless Plaintiff was under constant surveillance by family members, she would still be able to commit similar bad acts unabated. Accordingly, Plaintiff

---

[8] Oxford House, Inc. v. City of Baton Rouge, La., 932 F. Supp. 2d 683, 693 (M.D. La. 2013) (quoting Bryant Woods Inn, Inc. v. Howard County, Md., 124 F.3d 597, 604 (4th Cir. 1997)).

has not shown a likelihood of success on her failure to accommodate claim under the FHA.

## B. Discrimination

Next, the FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter."[9] There was no evidence produced at the hearing that Plaintiff was discriminated against because of her mental illness or alcoholism. Indeed, all of the tenants at the Friendship House suffer from mental illness. Accordingly, she has not shown a likelihood of success on this claim.

## C. Interference with Enjoyment of Rights

Finally, the FHA makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."[10] There was no evidence presented at the hearing that Plaintiff was evicted because of her exercise of any right granted to her by the FHAA.[11] Accordingly, Plaintiff has not demonstrated a likelihood of success on this claim.

---

[9] 42 U.S.C. § 3604(f)(1)(A).
[10] 42 U.S.C. § 3617.
[11] Hood v. Pope, 627 F. App'x 295, 300 (5th Cir. 2015) ("[Plaintiffs] have not alleged facts, beyond conclusory assertions, that suggest that the harassment they endured was connected to their attempts to exercise their rights under the FHA."); *see* McZeal v. Ocwen Fin. Corp., 252 F.3d 1355 (5th Cir. 2001) ("Because his § 3605 claim fails, McZeal's claim under § 3617 must also fail.").

## CONCLUSION

For the foregoing reasons, this Motion is DENIED, and the Temporary Restraining Order is LIFTED.[12]

New Orleans, Louisiana this 10th day of December, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[12] The Court has been advised that all parties to this matter have agreed that Plaintiff will vacate the Friendship House before February 1, 2019.